William THOMAS, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 85–328.

District of Columbia Court of Appeals.

Argued April 12, 1988.

Decided Aug. 11, 1988.

Gregory Burr Macaulay, Washington, D.C., appointed by the court, for appellant.

Robert A. Feitel, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty. at the time the brief was filed, and Michael W. Farrell, Mary Ellen Abrecht, and Thomas E. Zeno, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before FERREN, BELSON and ROGERS, Associate Judges.

BELSON, Associate Judge:

This appeal presents a novel question concerning a trial judge's authority to direct a jury to resume its deliberations. Immediately after the foreperson had announced findings of not guilty as to three counts, and guilty as to one, but before any verdict was recorded, counsel for defendant asked, without limitation, for a poll of the jury. The responses of the first two jurors polled revealed confusion with respect to the verdict on the count on which the guilty verdict had been returned. We hold that under these circumstances the trial judge's direction that the jury resume deliberations on all counts did not offend the Double Jeopardy Clause, and that he did not abuse his discretion in so ordering.

A grand jury indicted appellant on one count of assault with intent to commit robbery while armed, D.C. Code §§ 22–501, –3202 (1981 & 1987 Supp.), and one count of armed robbery, D.C.Code §§ 22–2901, –3202 (1981 & 1987 Supp.), in connection with a purse-snatching that occurred in the

early afternoon of September 1, 1983. A brief summary of the facts will suffice. Several witnesses testified that appellant undertook to steal a woman's purse that was hanging over the handle of a baby stroller that she was pushing down the street. In the process, he shook the stroller, causing the head of the child sitting in the stroller to hit the pavement. Appellant finally dislodged the purse of the screaming mother and ran off with it. The child's mother testified that, during the commission of the crime, appellant held a small razor-like object to the neck of the infant in the stroller. One other witness testified to seeing an object in appellant's hand. At trial, appellant presented an alibi defense.

The charges of assault with intent to rob while armed and armed robbery were submitted to the jury and, at appellant's request, so were the lesser-included offenses of assault with intent to rob and simple robbery. After deliberating less than one hour, the jury indicated that it was ready to return its verdict. The foreperson of the jury announced a verdict of guilty of assault with intent to rob and not guilty of the other three offenses. Appellant requested a jury poll, not limiting his request to the charge on which the foreperson had announced a finding of guilt. The courtroom clerk polled the first two jurors only with respect to assault with intent to rob. Their responses revealed confusion and a lack of unanimity.[1] Without polling additional jurors on this count or conducting any poll at all on the other three counts, the court sent the jury back to continue its deliberations until a unanimous verdict was reached. The court neither gave additional instructions nor directed the jury to deliberate only on the charge of assault with intent to rob. Appellant raised no objection at that time to the course of action chosen by the court.[2] Nor did appellant ask the court to record, pursuant to Superior Court Criminal Rule 31(b), a partial verdict on the three charges as to which the

---

1. The following colloquy took place:

    THE DEPUTY CLERK: Juror No. 1, as to the count alleging assault with intent to rob, how do you find for the defendant, guilty or not guilty?

    JUROR NO. 1: Not guilty. Not guilty. Re-read that.

    THE COURT: Is there—does the juror need to return, or does the question need to be repeated?

    JUROR NO. 1: The question repeated.

    THE COURT: Please repeat the question.

    THE DEPUTY CLERK: Fine. As to the lesser included included [sic] offense of assault with intent to rob, how do you find for the defendant, guilty or not guilty?

    JUROR NO. 1: Guilty. Assault with—

    THE COURT: Well, now, you have to give the verdict yourself. This is your verdict; do you understand that?

    JUROR NO. 1: Yes. Yes.

    THE DEPUTY CLERK: Juror No. 2, how do you find for the defendant as to the lesser included offense of assault with intent to rob, guilty or not guilty?

    JUROR NO. 2: Not guilty.

    THE COURT: All right, now, ladies and gentlemen, I'm going to ask you to return to the jury room.

    Any verdict must be unanimous, so please return to the jury room and advise me of when you've reached a unanimous verdict. Please return to the jury room.

2. After the jury completed its further deliberations and returned unanimous verdicts, the trial judge made statements to counsel that suggested that during the interim while off the record counsel had expressed reservations about the procedure.

foreperson had announced a verdict of not guilty.[3]

The jury returned after deliberating for another twenty-five minutes. The foreperson announced that the jury had reached a unanimous verdict of not guilty as to the two armed charges, but guilty not only as to the lesser-included offense of assault with intent to rob, as previously announced, but also as to the lesser-included offense of robbery. This time, after appellant's counsel requested a poll of the jury, each juror was asked if he or she agreed with the verdict "as announced by [the] Foreperson." Each juror responded in the affirmative. After the jury was discharged, appellant moved to set aside the verdict on the robbery count or, alternatively, for a new trial on that count, arguing that, once the verdict of not guilty of robbery was announced by the foreperson and no disagreement was voiced, the verdict became final and jeopardy terminated. The trial court denied appellant's motion, and subsequently imposed concurrent prison terms for the two offenses of which appellant was convicted. This appeal followed.

■■■ This court has not had occasion to consider whether the Double Jeopardy Clause bars a jury from engaging in further deliberations regarding charges as to which the foreperson has announced verdicts of not guilty but which have not yet been accepted or recorded by the court. The starting point for our analysis is the language of Superior Court Criminal Rule 31(d):

(d) *Poll of Jury.* When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the Court's own motion. If upon the poll there is not unanimous

concurrence, the jury may be directed to retire for further deliberations or may be discharged.

At the outset, we note that "[a] verdict is not final until the jury's deliberations are over, the result is announced in open court, and no dissent by a juror is registered." *Lewis v. United States,* 466 A.2d 1234, 1238 (D.C.1983). Thus, a verdict is not final simply because it has been announced in open court. *United States v. Love,* 597 F.2d 81, 84 (6th Cir.1979) ("the very existence of Rule 31(d) which provides for polling a jury after its verdict has been returned but before it is recorded compels the conclusion that a verdict is not final when announced"). A poll pursuant to Rule 31(d), *supra,* provides the usual means for ascertaining whether a juror dissents. The responses to a poll are an integral part of the circumstances surrounding receipt of a verdict. Thus, we deem relevant the additional observations we made in *Lewis:*

The test for the validity of a verdict is whether it is certain, unqualified and unambiguous in light of, among other things, the circumstances surrounding its receipt. Uncertainty or contingency as to the finality of the jury's determination, in legal effect, is equivalent to no verdict. It is within the sound discretion of the trial court to direct a jury to continue deliberations after returning a verdict which the court deems to be unintelligible, the result of a jury's inadvertent mistake, improper in form or arguably unclear, the result of a jury's misinterpretation of the court's instruction on the number and nature of the offenses before it, or not responsive to the issues.

---

3. Superior Court Criminal Rule 31(b) provides: (b) *Several defendants.* If there are 2 or more defendants or if there are 2 or more counts, the jury at any time during its deliberations may return a verdict or verdicts with respect to a defendant or defendants as to whom it has agreed or with respect to a count or counts as to which it has agreed; if the jury cannot agree with respect to all, the defendant or defendants as to whom it does not agree or the count or counts as to which it does not agree may be tried again.

*Lewis, supra,* 466 A.2d at 1238 (citations omitted).

Appellant argues that the trial court had no authority to allow the jury to reconsider the robbery verdict because, in the absence of a poll, there was no showing of lack of unanimity on that particular count. It is true, of course, that the trial court is obliged to accept a unanimous verdict of not guilty once the jury has spoken finally and unambiguously. The absence of an express indication of a lack of unanimity on the robbery count, however, is not conclusive in this instance. The further deliberation on the robbery count took place in the course of indisputably appropriate further deliberation concerning the charge of assault with intent to rob, as to which polling of the jury had suggested a lack of unanimity. The trial judge might well have suspected further confusion regarding all the verdicts. Indeed, no evidence had been adduced that would have supported conviction on the assault with intent to rob count but not on the robbery count as well. Furthermore, there is no indication in the record that the court had accepted any part of the original verdict as announced. *Cf. United States v. Chinchic,* 655 F.2d 547, 550 (4th Cir.1981) ("any member of [the jury] is entitled to change his or her mind up until the time of the trial court's acceptance of the verdict"). We observe that appellant made no motion to record a partial verdict at the time the jury announced its original verdict on the robbery count. We cannot presume that if the motion had been made, the government would not have asserted its right under Rule 31(d) to ask for a poll of the jury on the charges as to which the foreperson had announced findings of not guilty. Nor can we presume that the result of that poll would have indicated unanimity regarding acquittal. *See United States v. Nelson,* 692 F.2d 83, 85 (9th Cir.1982) (judgment cannot be based on an inference of a unanimous verdict). We conclude that the circumstances surrounding the return of the original verdicts were not such as to require the conclusion that verdicts of not guilty had been finally returned.

Nor do we find that the Double Jeopardy Clause compels a different result. The Double Jeopardy Clause is not offended where there is no threat of successive prosecutions or multiple punishments for the same offense. *United States v. Wilson,* 420 U.S. 332, 344, 95 S.Ct. 1013, 1022, 43 L.Ed.2d 232 (1975); *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The underlying principle is to prevent the state from making "repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957).

It is significant that, at the time the jury was sent back for continued deliberations, it had not been disbanded, the proceedings were still in progress, and entry of a verdict had not been recorded on any court documents. *Cf. Green, supra,* 355 U.S. at 191, 78 S.Ct. at 225 (jeopardy terminated when jury discharged); *Brown v. Gunter,* 562 F.2d 122, 125 (1st Cir.1977) (purposes of Double Jeopardy Clause not undercut by recall of the jury immediately after it had been discharged so that it could correct its verdict). In the instant case, the jeopardy in which appellant was placed when the jury was impaneled and sworn had not terminated. Moreover, the procedure used did not subject appellant to reprosecution or additional proceedings on these charges. *See Wilson, supra,* 420 U.S. at 345, 95 S.Ct. at 1023 ("a defendant has no legitimate claim to benefit from an error of law when that error could be corrected without subjecting him to a second trial before a second trier of fact"). Although appellant may have suffered by having his hopes raised but quickly lowered, this type of harm is not protected by the Double Jeopardy Clause. *Stewart v. United States,* 439 A.2d 461, 464 (D.C.1981); *United States v. Baker,* 419 F.2d 83, 89 (2d Cir. 1969), *cert. denied,* 397 U.S. 976, 90 S.Ct.

1096, 25 L.Ed.2d 271 (1970). Accordingly, we hold the jury's action had not achieved finality, jeopardy had not terminated, and the court retained the authority, in the exercise of its discretion, to allow the jury to deliberate further on all counts. *See Lewis, supra,* 466 A.2d at 1238. We there-fore reject appellant's challenge to the jury verdict of guilty of robbery.[4]

*Affirmed.*

4. Appellant claims an additional infirmity in his robbery conviction. He asserts that the trial court erred in refusing to give the standard jury instruction on possession, Criminal Jury Instructions for the District of Columbia No. 3.11 (3d ed. 1978), which he maintains was necessary in order to place before the jury his defense that the government had not proved that the mother was in actual possession of her purse at the time of the robbery. There was testimony that she had released her grip on the stroller moments before the incident occurred. Instead, the court gave the standard robbery instruction, Criminal Jury Instructions for the District of Columbia No. 4.61 (3d ed. 1978). Because Instruction No. 4.61 adequately covers the issue of possession, we find that appellant has shown no prejudice from the court's refusal to give the instruction requested.

Appellant also challenges his conviction of assault with intent to rob, contending that the jurors may not have achieved unanimity on which act—banging the child's head on the sidewalk or placing a knife to his throat—constituted the assault. No special unanimity instruction was requested or given at trial. It is clear, however, that there were not two separate assaults here, only a single continuous event that occurred within the space of a few seconds and to which appellant presented a unified defense of misidentification and alibi. "[W]here there is a single incident charged in the indictment and it is unnecessary for the jury to reconstruct the fatal events step-by-step, we may presume the unanimity requirement was satisfied." *Derrington v. United States,* 488 A.2d 1314, 1335 (D.C. 1985) (citing *Burrell v. United States,* 455 A.2d 1373, 1380 (D.C.1983)); *accord, Shivers v. United States,* 533 A.2d 258, 261–63 (D.C.1987); *see also Glymph v. United States,* 490 A.2d 1157, 1160–61 (D.C.1985); *Smith v. United States,* 135 U.S.App.D.C. 284, 418 F.2d 1120, *cert. denied,* 396 U.S. 936, 90 S.Ct. 280, 24 L.Ed.2d 235 (1969).

Finally, appellant asks this court to reconsider its long line of cases concerning when the missing witness instruction may be given. We decline to do so.