272 N.J. Super. 129 (1994)
639 A.2d 384
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ARTHUR SNELLBAKER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1994.
Decided April 5, 1994.
*130 Before Judges BRODY, STERN and KEEFE.
Jack J. Lipari, Assistant Prosecutor, argued the cause for appellant (Jeffrey S. Blitz, Atlantic County Prosecutor, attorney; Mr. Lipari of counsel and on the letter brief).
*131 Peter L. Bruso argued the cause for respondent (Jacobs, Bruso & Barbone, attorneys; Mr. Bruso on the letter brief).
The opinion of the court was delivered by STERN, J.A.D.
This appeal by the State, pursuant to leave granted, presents the interesting question of whether a Superior Court judge hearing non-indictable motor vehicle complaints simultaneously with the jury trial on related indictable charges must render his or her findings on the non-indictables when the jury cannot reach a verdict on the indictables. After declaring a mistrial on the indictable charges due to a "hung jury," the trial judge announced her intention to render her findings (under R. 1:7-4). Perceiving the possibility of a double jeopardy or other preclusion to retrial of the indictable offenses, the State obtained a stay from the trial judge of her decision to render findings, and we granted leave to appeal.
It is undisputed for purposes of this appeal that defendant was involved in a one car accident on June 22, 1992. A passenger in the pickup truck defendant was driving was killed when defendant hit a tree and the truck flipped over. Another passenger was seriously injured. Defendant was indicted for death by auto, contrary to N.J.S.A. 2C:11-5, and aggravated assault by auto, in violation of N.J.S.A. 2C:12-1c. The defendant was also charged in separate complaints with driving while intoxicated, contrary to N.J.S.A. 39:4-50, and careless driving, in violation of N.J.S.A. 39:4-97.
Pursuant to R. 3:15-3, a Superior Court judge joined the indictable offenses with the motor vehicle complaints for trial. The indictable offenses were tried before a jury, and pursuant to State v. Muniz, 118 N.J. 319, 571 A.2d 948 (1990), the judge simultaneously sat as a municipal court judge hearing the motor vehicle charges. After deliberating, the jury reported that it could not reach a verdict, and the judge declared a mistrial with *132 regard to the indictable offenses.[1] The State then requested the judge to reserve judgment on the motor vehicle charges pending retrial of the indictment. As noted, the judge denied the State's request, but granted a stay of her decision, and we granted leave to appeal.
The issues presented by the appeal require consideration of R. 3:15-3 which provides, in relevant part:
3:15-3. Trial of Criminal Offenses and Lesser, Related Infractions
(a) Joinder of Criminal Offense and Lesser Related Infraction.
(1) Except as provided in paragraph (b), the court shall join any pending non-indictable complaint for trial with a criminal offense based on the same conduct or arising from the same episode.
(2) Regardless of whether a jury sits as the finder of facts with respect to the criminal offense, and unless the complaint charges a disorderly persons offense or a petty disorderly persons offense that must be submitted to the jury in accordance with the provisions of N.J.S.A. 2C:1-8(e), the Superior Court judge shall sit as a municipal court judge on the complaint and shall render the verdict with respect to the complaint on the proofs adduced in the course of trial.
(3) If evidence is held to be admissible with respect to the trial of the complaint but inadmissible with respect to the trial of the criminal offense, the court shall hear that evidence outside of the jury's presence and may, in its discretion, postpone such hearing until the jury has retired to deliberate. The court shall not render its verdict on the complaint until the jury has rendered its verdict or until the jury has been dismissed. (Emphasis added.)
The specific question before us relates to the impact of the last sentence of R. 3:15-3a(3).
R. 3:15-3 was proposed by the Criminal Practice Committee ("the Committee") in 1988 "in light of the [Supreme] Court's opinion in State v. DeLuca, 108 N.J. 98, 527 A.2d 1355, cert. den. 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987), holding that the municipal infraction of drunk driving should be joined for trial with the criminal offense of death by auto so as to obviate the double jeopardy problems which may arise in the absence of joinder." Report of the Supreme Court Committee on Criminal *133 Practice, 122 N.J.L.J. 116 (1988) [hereafter "Committee Report"]. The Committee was concerned that
the potential double jeopardy problems discussed in DeLuca extend beyond the specific charges which were implicated in that opinion and may arise, regardless of the offenses involved, whenever there is a failure to join the trial of the criminal offense with the trial of any lesser or related non-indictable infraction.
[Ibid.]
The Committee, however, foresaw the possibility of having a hung jury at the trial of the indictable offenses and specifically addressed that consequence with respect to the non-indictable charges. It, therefore, proposed R. 3:15-3(a)(3) in the form ultimately adopted by the Supreme Court and as it reads today, stating:
Hung Juries
The question as to what the judge should do with the complaint in the event that the jury is hung on the criminal offense generated a considerable amount of discussion among the members of the Subcommittee on Joinder and the full Committee. As proposed the judge may render a finding on the non-indictable complaint even though the jury is hung with respect to its verdict on the criminal offense.
This resolution, although apparently least problematic of the various resolutions considered, may itself be problematic. The concern was expressed, for example, that if the judge acquitted the defendant on the complaint of drunk driving after the jury was unable to render a verdict for death by auto, that might collaterally estop the State from prosecuting the defendant in a subsequent trial for death by auto on the theory that the acquittal would be dispositive of the defendant's drunkenness.
It was, however, submitted that this problem should arise, if ever, only if the State's sole proofs of recklessness went to the defendant's drunkenness. This is because drunkenness is not usually dispositive of and is only evidential of the element of recklessness, and the rule is that the State is obligated to prove each evidential fact (e.g., drunkenness, driving too fast for conditions) only by a preponderance of the evidence, so long as the evidential facts in the aggregate establish the element (in this case, recklessness) beyond a reasonable doubt. State v. Sugar, 108 N.J. 151, 159 [527 A.2d 1377] (1987); State v. Brown, 80 N.J. 587, 592 [404 A.2d 1111] (1979).
Beyond this, State v. Triano, 147 N.J. Super. 474 [371 A.2d 734] (App.Div. 1974) holds that a defendant may interpose neither the defense of double jeopardy nor the defense of collateral estoppel when he is retried for a charge which previously resulted in a hung jury, even if that same jury simultaneously acquitted the defendant of transactionally related criminal charges. In view of Triano, it appears that the judge's verdict on the complaint will not foreclose a subsequent *134 trial for the criminal offense. However, Triano did not deal with the situation in which the defendant is acquitted of a lesser offense which itself constitutes an element of the greater offense (e.g., the scenario which might arise if the jury were hung on the death by auto, and the judge chose to acquit defendant for reckless driving) and might, in this situation, be distinguishable despite its broad language.
Nevertheless, the proposed R. 3:15-3(a)(3) instructs the judge to proceed with a verdict on the complaint even if the jury is hung on the trial of the criminal offense. This procedure will avoid having to try the defendant twice on the complaint and will thus obviate double jeopardy claims with respect to the complaint, which, absent this procedure, would be premised upon the defendant's argument that he was twice placed in jeopardy on the complaint and that there was no manifest necessity to delay verdict on the complaint, since the judge, unlike the jury, could not have been hung. It is, of course, important to avoid creating a double jeopardy bar to the retrial of the complaint not only because the State has an interest in seeking a verdict on the merits of the complaint, but also because, under the holding of DeLuca, a defendant's successful double jeopardy claim with respect to the complaint could easily translate into a successful double jeopardy claim with respect to the criminal indictment.
[Committee Report, supra, 122 N.J.L.J. at 117.]
After the Committee filed its 1988 report, the Supreme Court certified Muniz, supra, 118 N.J. 319, 571 A.2d 948, and the Committee requested that the Court take no action on the proposed adoption of R. 3:15-3 until after Muniz was decided. Committee Report, supra, 125 N.J.L.J. 414 (1990). Muniz involved procedural questions concerning the presentation of motor vehicle violations which were related to indictable offenses, and reexamined whether lesser-included Title 39 charges should be presented to the judge or jury. In Muniz the Court held that lesser-included motor vehicle infractions should be joined in the prosecution of indictable trials and that "by appropriate instructions, should be brought to the attention of the jury but should be determined by the judge." Muniz, supra, 118 N.J. at 332, 571 A.2d 948. The Court thereafter adopted R. 3:15-3 on January 14, 1991, to be effective September 1, 1992. The Rule distinguishes between lesser-included "offenses" which must be submitted to the jury under N.J.S.A. 2C:1-8(e) (see also N.J.S.A. 2C:1-14k; State v. Muniz, supra, 118 N.J. at 332, 571 A.2d 948; State v. Hammond, 118 N.J. 306, 311-12, 571 A.2d 942 (1990)), and the requirement of judge fact-finding on other lesser non-indictable complaints.
*135 Generally, retrial is not barred following a mistrial when the jury deadlocks and cannot render a verdict; Richardson v. United States, 468 U.S. 317, 326, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242, 251 (1984); State v. D'Amato, 218 N.J. Super. 595, 602, 528 A.2d 928 (App.Div. 1987), certif. denied 110 N.J. 170, 540 A.2d 169 (1988). Moreover, where a jury is deadlocked on indictable offenses simultaneously moved with lesser or lesser-included charges on which defendant is convicted, the reprosecution of the greater offense is not barred because the "retrial ... is not a successive prosecution" and "[t]he jury's failure to reach a verdict on [one] count is not an event that terminates jeopardy." Commonwealth v. McCane, 517 Pa. 489, 500, 539 A.2d 340, 346 (1988) (after jury found defendant guilty of driving under the influence but was hung on homicide by vehicle, retrial on homicide was not barred). Thus, as Judge Moylan recently wrote for the Maryland Court of Special Appeals:
The case law from around the country is completely in line with this principle that a retrial on a greater, inclusive offense, following a declaration of mistrial because of a hung jury, is not barred by double jeopardy principles notwithstanding the fact that a guilty verdict was accepted and a sentence imposed with respect to a lesser, included offense. .. . The double jeopardy bar applies only where the State in the first instance brings successive prosecutions on a sequential basis.
[Mauk v. State, 91 Md. App. 456, 484-85, 605 A.2d 157, 170-71 (1992).]
See also Commonwealth v. Harris, 400 Pa.Super. 12, 582 A.2d 1319 (1990), appeal denied 528 Pa. 621, 597 A.2d 1151 (1991); Alley v. State, 704 P.2d 233, 235 (Alaska App. 1985); Staael v. State, 697 P.2d 1050 (Alaska App. 1985), aff'd 718 P.2d 948 (Alaska 1986); People v. Kettler, 112 Ill. App.3d 1061, 68 Ill.Dec. 644, 446 N.E.2d 550 (4 Dist. 1983), cert. denied, 465 U.S. 1031, 104 S.Ct. 1297, 79 L.Ed.2d 697 (1984). Consistent with the general view, we have held prior to the adoption of R. 3:15-3 that a defendant convicted of DWI could be reprosecuted for indictable offenses on which the jury hung in a simultaneous proceeding. State v. Devlin, 234 N.J. Super. 545, 561 A.2d 280 (App.Div.), certif. denied, 117 N.J. 653, 569 A.2d 1348 (1989).
We can find no case exploring whether the general rule would be different if the lesser offense is decided by the judge, rather *136 than the jury, and we need not explore whether the rule is different for federal constitutional purposes where the defendant is acquitted on the lesser charge when the jury hangs. Our State Constitution expressly prohibits retrial "after acquittal ... for the same offense," N.J. Const. art. I, ¶ 11, and our State Constitution which is otherwise co-extensive with the federal double jeopardy clause (at least with respect to multiple prosecutions, see State v. Churchdale Leasing, Inc., 115 N.J. 83, 107-108, 557 A.2d 277 (1989); State v. Dillihay, 127 N.J. 42, 47, 601 A.2d 1149 (1992)), might well bar prosecution "after acquittal" at least of an elemental lesser-included offense, even if both charges had been originally moved simultaneously in the same proceeding. See generally, State v. DeLuca, 108 N.J. 98, 527 A.2d 1355 (1987), cert. denied, 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987); State v. Dively, 92 N.J. 573, 458 A.2d 502 (1983); State v. Capak, 271 N.J. Super. 397, 638 A.2d 918 (1994). See also N.J.S.A. 2C:1-8, 2C:1-10. As noted in the 1988 Committee Report, supra, 122 N.J.L.J. 116, this issue was not explored in Triano. As a result we cannot conclude that an acquittal, particularly of an elemental lesser-included non-indictable offense by a judge, would have no preclusive effect on the trial of a greater included crime.
Our Rules permit return of partial verdicts and retrial of the remaining counts of an indictment. See R. 3:19-1(a). Nevertheless, "[a]cceptance of interim partial verdicts" before deliberations are concluded "runs counter to a rational factfinding process" and should be avoided. State v. Shomo, 129 N.J. 248, 257, 609 A.2d 394 (1992). Shomo obviously is applicable to decisions by the jury as fact-finder, but the decision rendered one-and-one-half years after R. 3:15-3 was adopted (but before the Rule took effect) is significant in our analysis because of the Court's concern that "partial verdicts may, under certain circumstances, implicate principles of double jeopardy." Ibid. See also Pressler, Current N.J. Court Rules, comment on R. 3:19-1. Significantly, the Court stated:
for a partial verdict to be valid the court must ensure that a defendant's rights have not been compromised.... In addition, an interim partial verdict could *137 impact adversely on the State's interests. For example, it may be inadvisable for a court to accept a partial verdict on a lesser-included offense if that verdict could affect or bar further proceedings on the greater offense. (Citation omitted and emphasis added.)
[Shomo, supra, 129 N.J. at 257, 609 A.2d 394.]
We conclude that the judge should not render his findings on the non-indictable when the jury hangs on related counts of the indictable prosecution. In light of the United States Supreme Court's present conclusion in United States v. Dixon, 509 U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), that the federal constitutional test for barring both multiple prosecution and multiple punishment is the "same elements" test of Blockburger v. United States, 284 U.S. 299, 303-04, 52 S.Ct. 180, 181-82, 76 L.Ed. 306, 309 (1932),[2] we have considered distinguishing between elemental lesser-included offenses and other non-indictables related to the criminal prosecution. See also State v. Capak, supra, 271 N.J. Super. 397, 638 A.2d 918. However, we decline to do so because R. 3:15-3(a)(3) does not distinguish between elemental lesser-included and other lesser offenses. Moreover, such an approach could present difficulty in application depending on the number of charges, both indictable and non-indictable, involved in the particular case, and would not result in uniform application of the rule.[3]
*138 Our determination that the judge not render a verdict until after final disposition of the criminal charges is not without difficulty in light of defendant's concern that if the judge hears additional evidence at the second trial of the indictable, he may be convicted on the basis of evidence not presented at the first trial. As he put it before the trial judge, if the findings are not rendered, the State may "get a second shot in its prosecution after they had failed to prove the case the first time around." However, we are prepared to solve defendant's concern by adherence to State policy which balances the valid interests of the defendant and the State's legitimate concerns to protect against a jeopardy bar. Cf. State v. Shomo, supra, 129 N.J. at 257-59, 609 A.2d 394. A defendant cannot have a reasonable expectation of finality on a charge on which the jury hangs; in any event, we believe our approach balances the underlying policies of "fairness and fulfillment of reasonable expectations in light of the constitutional ... goals." State v. Currie, 41 N.J. 531, 539, 197 A.2d 678 (1964) (indictable prosecution not barred by prior disposition of motor vehicle complaints in municipal court). See also State v. Yoskowitz, 116 N.J. 679, 563 A.2d 1 (1989). We therefore conclude that, until the Supreme Court declares otherwise, R. 3:15-3(a)(3) should not be read to apply to the "discharge" (see R. 3:18-2) of the particular jury which "hangs" or renders a partial verdict. Thus, until the "dismissal" of the final jury that may hear the matter on retrial, the judge shall withhold his findings on the non-indictable pending completion of the "continuing jeopardy."
However, in light of defendant's legitimate concerns about the evidence to be presented at the second trial, defendant shall have *139 the option after the hung jury is "discharged," of (1) having the judge mistry the non-indictable complaints with defendant's consent and to retry them with the indictables, or (2) reserve decision on the non-indictable until disposition of the indictables (to be tried before another judge if defendant so elects) and to render his or her findings after the jury ultimately renders its verdict or the indictable proceedings are otherwise finally culminated. These procedures will adhere to the mandates of Muniz concerning judge fact-finding of non-indictables which are not "offenses" under the Code, but will avoid the potential of jeopardy preclusions with respect to criminal prosecutions which flow from disposition of non-indictables prior to the trial of the indictables.[4]See State v. Muniz, supra, 118 N.J. 319, 571 A.2d 948; State v. DeLuca, supra, 108 N.J. 98, 527 A.2d 1355; State v. Dively, supra, 92 N.J. 573, 458 A.2d 502; State v. Capak, supra, 271 N.J. Super. 397, 638 A.2d 918.
To the extent the trial judge's order is inconsistent with this opinion, it is reversed. The matter is remanded to the Law Division for further proceedings consistent with this opinion.
NOTES
[1] We have not been supplied with the entire record, but the procedural history is not in dispute.
[2] Defendant contends he is entitled to a finding in order to evaluate whether the same evidence would be presented at the second trial and, therefore, pose a bar to reprosecution under State v. DeLuca, supra, 108 N.J. 98, 527 A.2d 1355. However, given Dixon and the co-extensive nature of the state and federal constitutional double jeopardy provisions regarding multiple prosecutions, we do not believe that the DeLuca test is still viable in this setting. See State v. Capak, supra. We need not explore this issue or questions of statutory interpretation concerning cases controlled by the Code's procedural provisions, N.J.S.A. 2C:1-5b, 2C:1-8 through 1-10, in terms of determining the constitutional values relating to the adoption and interpretation of R. 3:15-3.
[3] We are not addressing any issue involving lesser-included offenses which must be presented to the jury, and in that context there may be a distinction between lesser-included charges which are the subject of the indictment or a complaint, and those charged to the jury as a result of the judge's decision to charge an offense as lesser-included to that for which defendant was indicted. See e.g., State v. Sloane, 111 N.J. 293, 544 A.2d 826 (1988); State v. Saulnier, 63 N.J. 199, 207-08, 306 A.2d 67 (1973); N.J.S.A. 2C:1-8d, e. See also People v. Garcia, 166 Cal. App.3d 1056, 1067-69, 212 Cal. Rptr. 822, 828-29 (2 Dist.), review denied (July 17, 1985).
[4] We do not rule out the possibility that the defendant may ask for a disposition of the non-indictables upon an express waiver of any double jeopardy claims relating to the retrial of the indictables. See e.g., Jeffers v. United States, 432 U.S. 137, 151-52, 97 S.Ct. 2207, 2216-17, 53 L.Ed.2d 168, 180-81 (1977); Hunt v. State, 95 Md. App. 471, 476-77, 622 A.2d 155, 158-59 (1993).