**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4791-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUSTIN C. ANGELINO,

    Defendant-Appellant.

_____

Submitted September 14, 2017 — Decided October 18, 2017

Before Judges Simonelli and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-06-1855.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele E. Friedman, Assistant Deputy Public Defender, of counsel and on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Patrick D. Isbill, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

A grand jury indicted defendant for first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3 (count one); first-degree robbery, N.J.S.A. 2C:15-1(a)(1) (count two); second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2(a)(2) and N.J.S.A. 2C:15-1(a)(1) (count three); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count four); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count five); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count six); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count seven); and fourth-degree unlawful possession of an imitation firearm, N.J.S.A. 2C:39-4(e) (count eight). The charges stemmed from defendant's involvement in the armed robbery and brutal attack of his biological father, with whom he had recently reconnected.

The jury found defendant guilty of robbery (count two); conspiracy to commit robbery (count three); aggravated assault (counts four and five); and unlawful possession of a weapon (count eight). The jury found defendant not guilty on the remaining counts. The trial judge merged count four with count two and sentenced defendant on count two to a fifteen-year term of imprisonment subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A.

2C:43-7.2, concurrent to a five-year sentence on count three. The judge sentenced defendant on count five to a four-year term of imprisonment, consecutive to counts two and three. Lastly, the judge sentenced defendant on count eight to a fifteen-month term of imprisonment, concurrent to counts two, three, and five.

The judge later modified defendant's sentence under count five to a three-year term of imprisonment, consecutive to counts two and three; and further modified the sentence whereby count five merged with count four. Defendant's aggregate sentence is fifteen years subject to NERA.

On appeal, defendant raises the following contentions:

POINT I

> THE TRIAL COURT'S FAILURE TO DECLARE A MISTRIAL, OR AT A MINIMUM TO VOIR DIRE THE JURORS TO DETERMINE IF THEY WERE REASONABLY CERTAIN THAT FURTHER DELIBERATIONS WOULD BE UNPRODUCTIVE, DENIED THE DEFENDANT DUE PROCESS OF LAW AND A FAIR TRIAL. (Not Raised Below.)

POINT II

> THE DEFENDANT IS ENTITLED TO A NEW SENTENCING HEARING BECAUSE THE SENTENCE IS MANIFESTLY EXCESSIVE AND UNDULY PUNITIVE, AND THE SENTENCING COURT FAILED TO PROPERLY MERGE THE CONSPIRACY WITH THE UNDERLYING ROBBERY CONVICTION.

>> A. The Sentencing Court Erred in Failing to Find Mitigating Factor Four Based On [Defendant's] Disadvantaged Upbringing.

3                                                    A-4791-14T4

                    B.    The    Conspiracy    Conviction
                          Must   Be   Merged   With   the
                          Underlying Robbery.

     In a pro se supplemental brief, defendant adds that the judge

erred at sentencing by failing to find a certain mitigating factor.

For the following reasons, we affirm defendant's conviction, but

remand for resentencing.

                                 I.

     Because defendant does not challenge the evidence adduced at

the trial, we need not recite the underlying facts in detail.  We

limit our review to the discrete issues raised in this appeal.

     The trial spanned two weeks, involved eight charges, and

eleven witnesses testified, including the State's expert witness.

Jury deliberations commenced at 3:03 p.m. on October 7, 2014.  At

4:01 p.m., the jury sent a note requesting "a TV and DVD for the

review of testimony."  At 4:17 p.m., the jury specified they wanted

a replay of part of defendant's recorded statement.  The judge

determined the entire statement had to be replayed, and adjourned

to the next day.

     Defendant's entire statement was replayed to the jury when

the trial resumed the next morning.  Deliberations continued at

11:06 a.m.  At 12:57 p.m., the jury sent a note asking: "What is

the definition of accomplice liability?  Can accomplice liability

be applied to each count in this case?" In response, the judge re-read the accomplice liability charge to the jury, and then adjourned to the next day.

The jury had only deliberated for approximately four hours when, at 9:59 the next morning, it sent a note stating: "Even after hearing the definition of accomplice liability yesterday, the jury is at an impasse and it does not appear that there is any possibility of coming to a unanimous decision." (Emphasis added). In response, and without objection, the judge charged the jury in accordance with Model Jury Charge (Criminal), "Judge's Instruction on Further Jury Deliberations" (2013) as follows:

> It is your duty, as jurors, to consult with one another to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.
>
> In the course of your deliberations do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous, but do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. You are not partisans. You are judges, judges of the facts.

The judge added:

> With that, each juror is directed to go back to the jury room. You will start your deliberations — continue with your

A-4791-14T4

> deliberations. You have charges to be considered. You have not deliberated that long.
>
> You have taken an oath and a duty to serve as this jury. Therefore, with the instructions that I have given you, I instruct you to go back to the jury room and to continue with your deliberations with the instructions I've given you.

The jury returned to deliberate at 10:03 a.m., and reached a verdict nearly two hours later at 11:54 a.m.

For the first time on appeal, defendant argues the judge should have declared a mistrial or, at a minimum, read Model Jury Charge (Criminal), "Judge's Inquiry When Jury Reports Inability To Reach Verdict" (2013):

> You have indicated that your deliberations have reached an impasse. Do you feel that further deliberations will be beneficial or do you feel that you have reached a point at which further deliberations would be futile? Please return to the jury room to confer, and advise me of your decision in another note.

Defendant posits that failure to voir dire the jurors in open court as to whether or not it was reasonably certain that further deliberations would be unproductive served to effectively coerce them into returning a hasty verdict. We disagree.

A trial court has discretion to order a jury to continue deliberating after they have announced a deadlock, but cannot coerce a jury into reaching a verdict. State v. Figueroa, 190

6

N.J. 219, 240 (2007). When a defendant fails to object to an error regarding a jury charge, we review for plain error. State v. Funderburg, 225 N.J. 66, 79 (2016). "Under that standard, we disregard any alleged error 'unless it is of such a nature as to have been clearly capable of producing an unjust result.'" Ibid. (quoting R. 2:10-2). "The mere possibility of an unjust result is not enough. To warrant reversal by this Court, an error at trial must be sufficient to raise 'a reasonable doubt . . . as to whether the error led the jury to a result it otherwise might not have reached.'" Ibid. (quoting State v. Jenkins, 178 N.J. 347, 361, (2004)). We discern no abuse of discretion or plain error here.

In State v. Czachor, 82 N.J. 392 (1980), our Supreme Court disapproved of the "Allen charge"[1] which was previously used with a deadlocked jury. The Court held the Allen charge was unduly coercive and did not "permit jurors to deliberate objectively, freely, and with an untrammeled mind." Id. at 402. Instead, the Court approved the recommendations of the American Bar Association (ABA) on the issue and directed trial courts to "instruct jurors in accordance with the ABA Standards [Section] 5.4" in the initial general charge and repeat the instructions at the judge's

---

[1] Allen v. United States, 164 U.S. 492, 17 S. Ct. 154, 41 L. Ed. 528 (1896).

discretion when faced with a jury that has been unable to reach unanimous verdicts. Id. at 407. Accordingly, New Jersey's Model Criminal Charges now include the Czachor charge -- Model Jury Charge (Criminal), "Judge's Instruction on Further Jury Deliberations." State v. Ross, 218 N.J. 130, 144 (2014).

"The trial court's determination as to whether a Czachor charge is warranted requires a careful analysis of the circumstances." Ibid. "When a jury communicates a deadlock, trial courts 'should be guided in the exercise of sound discretion by such factors as the length and complexity of trial and the quality and duration of the jury's deliberations.'" Ibid. (quoting Czachor, supra, 82 N.J. at 407). "Consistent with the principle that a jury verdict must not be the product of coercion, appellate review of a trial court's supplemental instruction is 'guided by a concern for the weighty role that the judge plays in the dynamics of the courtroom.'" Ibid. (quoting Figueroa, supra, 190 N.J. at 238). "The trial judge's discretion must be exercised in a manner that ensures 'a jury verdict free from untoward interference from any source, including the court.'" Id. at 145 (quoting State v. Shomo, 129 N.J. 248, 257 (1992)). "When the 'difference of opinion between members of the jury is clearly intractable . . . then the jury is deadlocked and a mistrial should be declared.'" Ibid. (quoting Figueroa, supra, 190 N.J. at 237).

Here, the judge properly applied the principles articulated in Czachor. The jury did not state it was hopelessly deadlocked that would warrant declaring a mistrial. Instead, the jury communicated it was at an impasse and that it did not "appear" there was any possibility of reaching a unanimous verdict. The jury did not indicate it was hopelessly deadlocked with "no reasonable probability of agreement." Czachor, supra, 82 N.J. at 407.

Further, this was a two-week trial with eleven witnesses, and the jury had only deliberated for approximately four hours at the time it announced its impasse. Our Supreme Court determined that reading the Czachor charge was appropriate where the jury had deliberated for over twice that amount of time after a trial of similar length. See Ross, supra, 218 N.J. at 138 (upholding the reading of a Czachor charge when the jury indicated a deadlock after deliberating approximately thirteen hours after a two-week trial). We are satisfied that the judge properly exercised her discretion in response to the jury's communication of an impasse by providing a Czachor charge and directing the jury to resume deliberations.

## II.

Defendant challenges his sentence as excessive. He argues the judge erred in failing to find mitigating factor N.J.S.A.

2C:44-1(b)(4) ("substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense") based on his troubled upbringing in foster care as the result of his father "signing away" his parental rights.

Our review of a sentence is limited. State v. Miller, 205 N.J. 109, 127 (2011). We review a judge's sentencing decision under an abuse of discretion standard. State v. Fuentes, 217 N.J. 57, 70 (2014). As directed by the Court, we must determine whether:

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) 'the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience.'
>
> [Ibid. (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

We have considered defendant's argument in light of the record and applicable legal principles and conclude it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We are satisfied the record amply supports the judge's findings on aggravating and mitigating factors.

Defendant also argues, and the State concedes, that the judge should have merged the conspiracy conviction (count three) with the robbery conviction (count two). Because the conspiracy

conviction should have merged with the robbery conviction under N.J.S.A. 2C:1-8(a)(2), we remand for resentencing.

Defendant's conviction is affirmed and the matter is remanded for resentencing.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION