JOHN SULLIVAN v. THE STATE OF NEW JERSEY.

The limitation of the time of counsel by the trial court is a matter of discretion.

On error to the Hudson Quarter Sessions.

This writ of error brings up a judgment in the Hudson county Quarter Sessions.

Argued at June Term, 1884, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and REED.

For the plaintiff in error, *W. D. Daly* and *G. Collins.*

For the defendant, *C. H. Winfield.*

The opinion of the court was delivered by

REED, J. The assignments of error relied upon in the brief of the counsel for the plaintiff, outside of another which clearly relates to the action of the court in a matter within its discretion, are two. First, that there was no testimony upon which the jury could legally convict; and second, that the court committed an error in limiting the time in which the counsel for the defence should address the jury.

In regard to the first assignment, after a reading of the testimony delivered in the cause, I think it clear that there is evidence from which the jury could draw the conclusion that the defendant was guilty as charged. It is properly admitted by defendant's counsel that this assignment must find its support in an entire absence of testimony tending to show defendant's guilt. Upon error we can look no further than this, and having found in the testimony facts which the jury might consider as indicative of the guilt of the defendant, the assignment is without foundation.

The second assignment is grounded upon the constitutional guaranty that the defendant in a criminal trial shall have the assistance of counsel in his defence. While this guaranty is confined to criminal prosecutions, I do not know that it creates any distinction between the rights of parties in criminal cases and those of parties in civil actions in respect to their right to be represented and assisted by counsel in all the common law courts. The right in civil cases is inherent in the system of trial by jury in civil cases as known in the English jurisprudence and guaranteed to the citizen by our constitution. In the English criminal jurisprudence, for some unaccountable reason, the right to be assisted by counsel in all cases was not a feature of jury trial. In capital cases counsel was not permitted to examine witnesses or address the jury on behalf of the accused, and it undoubtedly was to abolish this disgraceful feature in criminal trials by jury that the right to have the assistance of counsel in criminal cases is made a part of the organic law of the state. So in both civil and criminal actions the presence and assistance of counsel is a feature of trial by jury equally protected by law. In both, the course of counsel in conducting the trial is amenable to the supervision of the court, which is necessarily invested with a wide discretion. As was said in the case of *State* v. *Donnelly*, 2 *Dutcher* 463, the order in which witnesses are examined and the general conduct of the trial are matters of judicial discretion. And it is apparent that the court must exercise a right to control the discussions of counsel and keep them within a

legitimate comment upon the facts of the case, and prevent indecorous and irrelevant discursions. And it seems equally obvious that the right to regulate the time which counsel shall occupy must be the subject of judicial discretion.

It is essential that there should be some limitation other than the caprice of the speaker to prevent an unreasonable consumption of public time and delay in the transaction of the business of the courts, and inconvenience and expense to waiting suitors and counsel.

As each case differs from another in the magnitude of the interests involved, and in the variety and number of the facts in evidence, the right to limit must rest in the judgment of the trial judge or court rather than any standing rule. This control has always been exercised in this state, and is a part of the practice of our courts; and elsewhere the rule, in the language of Mr. Proffatt, may be stated to be that the court is entrusted with the power and duty of regulating the order of proceeding and the time during which the argument shall continue. *Proffatt on Jury Trials*, § 249.

It may be remarked that even if the act of the court was reviewable, the time allowed the counsel in the present case was sufficient to present the defendant's case to the jury.

The judgment is affirmed.