JOHN SULLIVAN, PLAINTIFF IN ERROR, v. THE STATE, DEFENDANT IN ERROR.

It is in the discretion of the court to limit the time to be occupied by counsel in addressing the jury, and unless that discretion is so exercised as practically to deny to the accused his constitutional right to have the assistance of counsel, it is not error.

Error to the Supreme Court. For opinion of Supreme Court see 17 *Vroom* 446.

For the plaintiff in error, *Gilbert Collins.*

For the defendant in error, *C. H. Winfield.*

The opinion of the court was delivered by

THE CHANCELLOR. The two grounds on which the plaintiff in error relies for a reversal of the judgment are, first, that there was no evidence to support the verdict, which was upon an indictment; and second, that the court limited the counsel of the plaintiff in error in the time he was to occupy in addressing the jury.

As to the first ground, the legal questions growing out of the trial cannot be reviewed here unless raised by the exceptions. There was no exception on which this assignment of error could be based.

As to the second ground, it must necessarily rest in the discretion of the court in which the trial takes place to limit the time to be occupied by counsel in addressing the jury, and unless that discretion is so exercised as practically to deny to the accused his constitutional right to have the assistance of counsel in his defence, it is not error. It was not so exercised in this case.

The judgment should be affirmed.

Judgment unanimously affirmed.