735 A.2d 1200 (1997)
324 N.J. Super. 471
STATE of New Jersey, Plaintiff,
v.
Claus P. SPETH, Defendant.
Superior Court of New Jersey, Law Division, Essex County.
Decided October 27, 1997.
Glenn D. Goldberg, Assistant Essex County Prosecutor, for the State of New Jersey (Clifford D. Minor, Essex County Prosecutor, attorney.)
Gerald Krovatin for defendant (Arseneault and Krovatin, Chatham, attorneys).
COHEN, J.S.C.
This case had its genesis in the death of Ronald Puttorak, who was found hanging from a bed sheet in his jail cell in August 1993. Following an autopsy his death was ruled a suicide. Concerned about possible foul play and possible negligence on the part of jail guards, Puttorak's relatives retained an attorney who hired defendant Speth, a pathologist, to review the autopsy findings. On November 3, 1993 Speth was permitted to examine and photograph the Puttorak throat specimen at the medical examiner's office.
Defendant was subsequently indicted for tampering with physical evidence (knowingly fracturing the Puttorak hyoid bone with the purpose to impair its verity in the investigation into Puttorak's death); false swearing (submitting a January 7, 1994 certification that he had found a significant fracture of that hyoid bone which must have occurred while Puttorak was alive), and witness tampering (attempting in April 1994 to induce Chief Regional Medical Examiner Geetha Natarajan to withhold evidence or to not testify against defendant).
After five weeks of a highly publicized trial followed by five days of jury deliberations over an additional two weeks, both the prosecutor and defense counsel have requested permission to make brief supplemental closing statements to the jury.
*1201 The issue presented is whether the court has the inherent authority to grant such a request under these circumstances. Neither the N.J. Court Rules, 1969 nor any reported decision in this jurisdiction has addressed this specific question.
R. 1:7-1(b), adopted in 1982, provides in pertinent part: "After the close of the evidence and except as may be otherwise provided in the pretrial order, the parties may make closing statements in the reverse order of opening statements." Prior to the adoption of this rule the N.J. Court Rules were silent with regard to closing statements.[1] The language of the rule itself makes it clear that the trial court has the discretion to modify the order of the closing statements. Moreover, our courts follow the general rule that it is within the discretion of the trial judge to limit the amount of time allowed for summation. Murin v. Frapaul Const. Co., 240 N.J.Super. 600, 613-614, 573 A.2d 989, (App.Div. 1990). See also Sullivan v. State, 46 N.J.L. 446, 447-448 (Sup.Ct.1884), aff'd, 47 N.J.L. 151 (E. & A. 1885). In Sullivan, the Court of Errors and Appeals stated: "[I]t must necessarily rest in the discretion of the court in which the trial takes place to limit the time to be occupied by counsel in addressing the jury, and unless that discretion is so exercised as practically to deny to the accused his constitutional right to have the assistance of counsel in his defense, it is not error." 47 N.J.L. at 151.
In State v. Rovito, 99 N.J. 581, 494 A.2d 309 (1985), after the completion of summations the trial court first decided to instruct the jury on the provisions of N.J.S.A. 2C:2-3 which deals with the causal relationship between conduct and result. Because the court had not decided to charge the jury on this issue until after summations, the court granted each attorney an additional ten minutes to present a supplementary summation. On appeal the defendant argued that these procedures violated R. 1:8-7 which requires a trial court to "rule on the requests [to charge] prior to closing arguments to the jury." Our Supreme Court disagreed, stating:
"Although the better practice is for the court to resolve all questions about the proposed charge before summations, a trial is not a mere mechanical exercise. The dynamics of trial practice occasionally may require a judge to follow the spirit, if not the letter, of the Rules of Court. Here, the trial court's conduct was consistent with the purpose of Rule 1:8-7, which is to permit counsel to conform their summations to the charge." 99 N.J. at 588, 494 A.2d 309.
Indeed the N.J. Court Rules, 1969 vest the courts with broad discretion over procedural matters. R. 1:1-2 expressly provides:
The rules in Part I through Part VIII, inclusive, shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice. In the absence of rule, the court may proceed in any manner compatible with these purposes.
As Justice Clifford so aptly noted in his dissent in Stone v. Old Bridge Tp., 111 N.J. 110, 125, 543 A.2d 431 (1988): "Our Rules of procedure are not simply a minuet scored for lawyers to prance through on pain of losing the dance contest should they trip. Those Rules have a purpose, one of which is to assist in the processing of the increasing number and complexity of cases... that we have experienced over the last couple of decades."
In a variety of related contexts our appellate courts have recognized that the *1202 trial judge must retain such general discretion over the conduct of the proceedings as is necessary to insure a fair trial. See, e.g. State v. Green, 86 N.J. 281, 289-290, 430 A.2d 914 (1981) (court may exercise broad discretion on whether to grant certain types of requests to charge the jury); State v. Diaz, 144 N.J. 628, 643-645, 677 A.2d 1120 (1996) (when there is a compelling need for the use of special verdicts, the court in its discretion should use them to avoid reversal of ambiguous verdicts); State v. Conway, 193 N.J.Super. 133, 155, 472 A.2d 588 (App.Div.1984) (court has discretion to give supplemental instruction to a deliberating jury and to advise the jury to consider the charge, original and supplemental, as a whole); Webber v. McCormick, 63 N.J.Super. 409, 422, 164 A.2d 813 (App.Div.1960) (court has discretion to deny defense counsel's request to address the jury a second time after he and the prosecutor have presented their summations).
The primary responsibility of a trial judge is to insure a trial in which the issues are fairly decided by an impartial trier of fact based on the evidence and under the law. This wellspring of responsibility is the very source from which flows the inherent authority of the trial judge to see that justice is done. In the constellation of values which guides trial judges the value of justice reigns supreme. This is why a trial judge may relax or dispense with a rule of court if adherence to the rule would result in an injustice. And this is why in the absence of a rule the court may proceed in any manner consistent with the interests of justice.
In the present case the court has considered several factors in deciding whether to permit counsel to present supplemental closing arguments after the jury has begun deliberations. This was a lengthy trial in which many expert witnesses testified about several complex issues. After summations and charge the jury deliberated for one day and then recessed for a three day weekend. Following that recess the court excused one deliberating juror due to illness, empaneled an alternate juror and instructed the jury to begin its deliberations anew. The jury then deliberated for five more days over a two week period. During those deliberations the jury asked for testimony to be read back, for a written summary of the elements of the offenses and for re-instruction on and clarification of several of the elements of the offenses. After four days the jury advised that it was not unanimous as to two counts but was unanimous as to one count and sought further guidance from the court. When given the option of returning an interim partial verdict, the jury chose not to do so. See State v. Shomo, 129 N.J. 248, 609 A.2d 394 (1992). Deliberations continued. Following a fifth day of deliberations and just before a four day break for religious holidays and a weekend, counsel jointly requested the court's permission to briefly supplement their closing remarks in light of all that had transpired.
After that break, having considered the length of the trial, the complexity of the issues, the length of the deliberations, the breaks in the deliberations, the numerous jury questions, the expressed inability of the jury to agree as to two of the three counts of the indictment, and the fact that both the State and the defense have joined in this request, this court has determined in the interest of justice to permit each counsel to present to the jury a brief supplemental closing statement of no more than 20 minutes in length. See Murin v. Frapaul Const. Co., supra, at 613-614, 573 A.2d 989.
It is so ordered.
NOTES
[1] In discussing R.R. 4:44-1, the rule which was later replaced by R. 1:7-1(b), the court in Panko v. Grimes, 40 N.J.Super. 588, 599, 123 A.2d 799 (App.Div.1956) held that "[i]n the absence of a specific rule of court, the matter of procedure in summation would seem to rest in the sound discretion of the trial court."