147 N.J. Super. 474 (1974)
371 A.2d 734
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOSEPH A. TRIANO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 4, 1974.
Decided February 21, 1974.
Before Judges LEONARD, ALLCORN and CRAHAY.
Mr. Edwin H. Stern, First Assistant Prosecutor, argued the cause for appellant (Mr. Geoffrey Gaulkin, Hudson County Prosecutor, attorney; Mr. Richard Abramson, Legal Assistant, on the brief).
*475 Mr. Gerald D. Miller argued the cause for respondent (Messrs. Miller, Hochman, Meyerson & Miller, attorneys).
The opinion of the court was delivered by LEONARD, P.J.A.D.
The State appeals from a final judgment dismissing the third count of an indictment returned against defendant.
In a three-count indictment defendant was charged with (1) bribery, (2) unlawful taking of a fee and (3) misconduct in office. The basis of the indictment was that defendant, as clerk of the Criminal Division of the Hudson County District Court, accepted $100 to reduce a charge pending in that court against one Cairns for operating an automobile while under the influence of intoxicating liquor (N.J.S.A. 39:4-50(a)) to one of operating the vehicle while impaired (N.J.S.A. 39:4-50(b)), and that he unlawfully altered the original summons issued to Cairns to allege a violation of the lesser offense.
Following a 17-day trial the jury acquitted defendant on the first and second counts of the indictment. However, it was unable to reach a verdict on the third count and a mistrial was declared as to that charge.
Thereafter, defendant moved for a dismissal of the third count. Following a hearing the trial judge, in a written opinion, dismissed that count on the grounds of collateral estoppel and an appropriate judgment was entered.
We reverse. It is our opinion that collateral estoppel does not preclude defendant's retrial on the third count of the indictment. State v. Roller, 29 N.J. 339 (1959). Here the State was not engaging in unfair plural attempts to convict defendant for a single offense. Rather, following the discharge of the jury by reason of the fact that it could not agree upon a verdict as to one count of a multiple-count indictment, the State was merely seeking to obtain a determination in the same trial on the charge preferred under that count. Thus, the acquittal under the first two counts in *476 nowise bars the continuance of the trial on the third count of the indictment. Id. at 349-350.
Defendant's contention that State v. Roller is not applicable because the dismissal of the pertinent indictment therein was by the trial judge and not by jury resolution, is without merit. The court in Roller notes and adopts the trial judge's view that the dismissal was "equivalent to a judgment of acquittal" (at 343).
State v. Cormier, 46 N.J. 494 (1966), upon which defendant relies, is inapposite. That case involved a subsequent trial upon a second indictment charging a substantive offense following a trial resulting in an acquittal upon a separate indictment which solely charged a conspiracy to commit the same offense. Thus, therein there were two separate trials upon two distinct indictments. Here, as above noted, there was but one trial upon a multiple-count indictment.
Finally, defendant cites Cosgrove v. United States, 224 F. 2d 146 (9th Cir.1955); United States v. Flowers, 255 F. Supp. 485 (E.D.N.C. 1966), and Oliver v. Superior Court, 92 Cal. App. 94, 267 P. 764 (Dist. Ct. App. 1928), which hold contrary to our determination herein. We do not consider these cases binding upon us.
Accordingly, the dismissal of the third count of the indictment is reversed and the matter is remanded to the trial court for a plenary trial thereon.