NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1665
_____

STANLEY L. HOLMES,
                                        Appellant

v.

CHRISTOPHER HOLMES;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY
_____

On Appeal from United States District Court
for the District of New Jersey
(D. C. No. 2-11-cv-04617)
District Judge: Honorable Faith S. Hochberg
_____

Argued June 22, 2016
Before: McKEE*, *Chief Judge*, FISHER, and GREENAWAY, JR., *Circuit Judges*.

(Filed: January 18, 2017)

Lorraine S. Gauli-Rufo, Esq. *[ARGUED]*
130 Pompton Avenue
Verona, NJ 07044
        *Counsel for Appellant*

Laura A. Cohen, Esq. *[ARGUED]*
Rutgers University School of Law
123 Washington Street
Newark, NJ 07102

---

* Judge McKee concluded his term as Chief of the U.S. Court of Appeals for the Third Circuit on September 30, 2016.

Michael J. Sullivan, Esq.
Coughlin Duffy
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, NJ 07962
        *Counsel for Amicus Appellant*

Catherine A. Foddai, Esq.  *[ARGUED]*
Bergen County Office of Prosecutor
10 Main Street
Bergen County Justice Center
Hackensack, NJ 07601

Attorney General New Jersey
Office of Attorney General of New Jersey
Division of Criminal Justice
25 Market Street
Richard J. Hughes Justice Complex
Trenton, NJ 08625
        *Counsel for Appellees*

_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Appellant Stanley Holmes was convicted of multiple charges following a second jury trial, after the first trial resulted in a partial acquittal and a partial hung jury. Holmes challenges his convictions under the Fifth Amendment's Double Jeopardy Clause. We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Holmes was the driver for a home invasion that ended in murder. Two of his co-defendants burglarized and robbed the home of Mary and Nathan Johnson and enlisted Holmes to drive them to and from the Johnson home. Once the co-defendants entered the home, they handcuffed the Johnsons and forced them face-first onto the ground. The co-defendants then used firearms to elicit information from the Johnsons about where valuables were kept in the home. When Nathan attempted to fight back, he was shot twice. The co-defendants fled the home and Mary, who had remained face-first on the ground, was able to remove her handcuffs, escape, and contact authorities. Unfortunately, Nathan perished before he could be helped.

The co-defendants eventually led authorities to Holmes, and he confessed to driving the co-defendants to the Johnson home but asserted that he was unaware of exactly what the co-defendants had planned. Based on his conduct, Holmes was named in a multi-count, multi-defendant indictment in a New Jersey trial court in 2003. He was charged with the following: murder (count 2), two counts of first degree robbery (counts 3 and 4), conspiracy to commit first degree robbery (count 5), felony murder (robbery) (count 6), second degree burglary (count 7), conspiracy to commit burglary (count 8), felony murder (burglary) (count 9), two counts of first degree kidnapping (counts 10 and

11), felony murder (kidnapping) (count 12), possession of a firearm for an unlawful purpose (count 13), and unlawful possession of a firearm (count 14).

Holmes elected to go to trial on the charges. Holmes was acquitted of counts 2, 5, 6, 8, 9, 12, 13, and 14—murder, conspiracy, all three felony murder counts, and the two counts of unlawful possession of a firearm. The jury could not reach a unanimous verdict on the remaining counts of robbery, burglary, and kidnapping (counts 3, 4, 7, 10, and 11).

The prosecution sought to re-try Holmes on the five remaining counts. Holmes moved to dismiss the indictment, pursuant to the Double Jeopardy Clause, but his motion was denied. At the second jury trial, Holmes was convicted on all five remaining counts. The trial court imposed an aggregate sentence of thirty-five years. Holmes, with the assistance of counsel, filed a state appeal.

On direct appeal, the Appellate Division affirmed Holmes's conviction. Holmes had raised several claims, one of which asserted that, under *Blockburger v. United States*,[†] his Fifth Amendment right to be free from double jeopardy had been violated. Holmes did not specifically invoke the collateral estoppel rule that is applied in criminal cases.

The Appellate Division found that a hung jury trial, followed by a re-trial of the remaining counts, was a continuation of the previous trial and was not a violation of the Double Jeopardy Clause. It also summarily found that a collateral estoppel violation had not occurred.

---

[†] 284 U.S. 299 (1932).

Holmes's request for certification of his appeal was denied by the New Jersey Supreme Court on February 5, 2008. Holmes did not file a writ of certiorari with the Supreme Court. His petition for state post-conviction relief was denied by the state trial court without an evidentiary hearing, which was affirmed by the Appellate Division. The New Jersey Supreme Court denied certification on March 16, 2011.

Holmes then filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 with the District Court. He asserted eleven claims in his petition but did not raise the collateral estoppel claim until his reply brief. Holmes also requested that the first jury trial transcript be added to the record and that he be afforded an evidentiary hearing. The District Court rejected all of his claims and his evidentiary requests. However, the District Court did not review the collateral estoppel claim.

Holmes filed a pro se appeal and a request for a certificate of appealability. This Court granted his request and appellate counsel was appointed. Holmes's appellate brief has one focus: the collateral estoppel rule.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2254(a). This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a).

A district court's denial of habeas corpus based on the state court record, where an evidentiary hearing is not held, is subject to plenary review.[‡] Its factual findings are

---

[‡] *Fahy v. Horn*, 516 F.3d 169, 179 (3d Cir. 2008).

reviewed for clear error.[§] If a habeas claim was adjudicated on the merits in state court, the district court and this Court review whether the state court resolution was contrary to, or an unreasonable application of, clearly established federal law.[**]

### III.

Before reaching the merits, we must ensure that Holmes has satisfactorily exhausted his collateral estoppel claim. If Holmes failed to exhaust it, we will not reach the merits of his claim.

The parties disagree as to whether Holmes's collateral estoppel claim was preserved. While Holmes conducted a *Blockburger* analysis in his Appellate Division brief, he did not specifically raise the collateral estoppel issue. Moreover, he did not include the first jury trial transcript in the state court record. Nevertheless, the Appellate Division mentioned the collateral estoppel issue in passing, finding that "[t]here was no double jeopardy and no collateral estoppel [violations]."[††] The court then cited an Appellate Division case, *New Jersey v. Triano,*[‡‡] in support of its conclusion. Holmes now urges us to find exhaustion on the basis of this one line in the Appellate Division's decision. He argues that the inclusion of that line indicates that he sufficiently exhausted the collateral estoppel issue. We disagree.

---

[§] *Rolan v. Vaughn*, 445 F.3d 671, 677 (3d Cir. 2006).
[**] 28 U.S.C. § 2254(d)(1).
[††] Supp. App. 1817.
[‡‡] 371 A.2d 734 (N.J. Super. Ct. App. Div. 1974).

After Holmes had finished his direct appeal and state post-conviction relief bids, he filed a § 2254 petition with the District Court. He alleged in his reply brief, for the first time, that his re-trial was a violation of the collateral estoppel rule. Further, he sought to include the first trial transcript in the record but his request was denied.

A claim raised under § 2254

> must have been "fairly presented" to the state courts, *i.e.*, it must be the substantial equivalent of that presented to the state courts. In addition the state court must have available to it the same method of legal analysis as that to be employed in federal court.[§§]

Holmes has the burden to prove that he has met this requirement.[***]

In order to determine whether the state courts had the substantial equivalent presented to them, an understanding of Holmes's claims is required. The claim that we review for exhaustion here is one that rests under the Fifth Amendment's Double Jeopardy Clause. The Clause "protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense."[†††]

The test for determining whether two offenses are sufficiently distinguishable to permit cumulative punishment is set forth in *Blockburger*. Under the *Blockburger* test, this Court must ensure that an accused is not convicted of two offenses that have the

---

[§§] *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000) (quoting *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)).

[***] *Id.*

[†††] *Dep't of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767, 769 n.1 (1994).

same elements, each offense must have an additional fact that the other does not.[‡‡‡] If the two offenses do not each have an additional fact, prosecution of both offenses is prohibited because it may lead to successive prosecutions or cumulative punishment.[§§§]

The federal collateral estoppel rule also falls under the Clause's protection and is encompassed in *Ashe v. Swenson*.[****] The collateral estoppel rule "protects the accused from attempts to relitigate the facts underlying a prior acquittal . . . ."[††††] Thus, "an issue of ultimate fact [that] has once been determined by a valid and final judgment [of acquittal], . . . cannot again be litigated between the same parties in any future [proceeding]."[‡‡‡‡] Specifically, where a general verdict is received, as is the case here, this Court must review the "pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."[§§§§]

Based on this record, the exhaustion requirement has not been met. The exhaustion requirement is based in principles of comity and is not jurisdictional. Where a state court has only considered a claim based on state law because a federal claim was not asserted before it, this Court will find that the claim has not been exhausted.[*****] In contrast, if a

---

[‡‡‡] *Blockburger*, 284 U.S. at 304.
[§§§] *Brown v. Ohio*, 432 U.S. 161, 166 (1977).
[****] 397 U.S. 436 (1970).
[††††] *Brown*, 432 U.S. at 165.
[‡‡‡‡] *Ashe*, 397 U.S. at 443.
[§§§§] *Id.* at 444.
[*****] *Robinson v. Beard*, 762 F.3d 316, 329 (3d Cir. 2014).

petitioner raises a straightforward claim that is judged by the same standard under both state and federal law, we may proceed.[†††††]

The collateral estoppel issue was not considered by the state court. Holmes did not raise the collateral estoppel claim in his Appellate Division brief. But, the Appellate Division stated cursorily that there was no collateral estoppel violation. The Appellate Division cited *Triano*,[‡‡‡‡‡] a New Jersey case, in undertaking its short analysis. *Triano* does not undertake the same collateral estoppel analysis as in *Ashe* and does not parallel the federal standard. The court in *Triano* did not do a factual comparison of the first jury trial versus the second. Rather, *Triano* parallels the reasoning in *Richardson v. United States*,[§§§§§] and holds that, where a defendant is acquitted of some counts but the jury is unable to unanimously agree on other counts at a first trial, a second trial may be held if based on the same indictment because that is a continuing jeopardy rather than double jeopardy. *Triano* is not equivalent to *Ashe*.

Holmes has failed to exhaust his collateral estoppel claim because he failed to properly allege the collateral estoppel claim in state court. Although the Appellate Division considered the claim briefly, it relied on a legally different state court case—*Triano*. Accordingly, the collateral estoppel claim was not properly presented to the state courts, and Holmes has failed to properly exhaust his claim.

---

[†††††] *Id.*
[‡‡‡‡‡] 371 A.2d 734.
[§§§§§] 468 U.S. 317, 325 (1984).

## IV.

For the reasons set forth above, we will affirm.