**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2743-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STANLEY L. HOLMES,

     Defendant-Appellant.

_____

Argued telephonically May 6, 2020 –
Decided June 3, 2020

Before Judges Koblitz, Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 03-01-0032.

Laura A. Cohen argued the case for appellant (Rutgers Criminal and Youth Justice Clinic, attorneys; Laura A. Cohen, on the briefs).

Edward F. Ray argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; Edward F. Ray, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Stanley L. Holmes appeals from the January 14, 2019 order denying his second petition for post-conviction relief (PCR) because he filed the application many years after the time allowed under Rule 3:22-12(a)(2). After reviewing the merits of defendant's claim as well as the time restrictions for filing a second PCR petition, we affirm.

Defendant was indicted in 2003 as the getaway driver for a home invasion that resulted in the shooting death of one of the homeowners, Nathan Johnson. Defendant went to trial twice. The first jury found defendant not guilty of murder, conspiracy to commit armed robbery, felony murder, and two gun charges. The jury was unable to reach a verdict on the charges of first-degree armed robbery, second-degree burglary and first-degree kidnapping. Defendant filed an unsuccessful motion to dismiss the indictment on double jeopardy grounds.

A second trial resulted in a guilty verdict on all remaining charges. Defendant was sentenced in 2005 to an aggregate term of thirty-five years in prison, subject to an eighty-five percent parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We affirmed on direct appeal, concluding that defendant's second trial did not violate the prohibition against

double jeopardy nor, we said in passing, collateral estoppel. State v. Holmes, No. A-3429-04 (App. Div. Aug. 1, 2007) (slip op. at 11-13), certif. denied, 194 N.J. 268 (2008). Without analysis, we cited to State v. Triano, 147 N.J. Super. 474, 475-76 (App. Div. 1974), where we held that that a retrial on the third count of an indictment after an acquittal on the first two counts was not precluded by collateral estoppel because the second trial was a continuation of the first trial with regard to the third count. Ibid. Three years later we affirmed the denial of defendant's first PCR petition. State v. Holmes, No. A-0483-09 (App. Div. Nov. 3, 2010) (slip op. at 1), certif. denied, 205 N.J. 273 (2011).

Defendant sought habeas corpus relief in the federal courts, which was denied, as was his appeal on January 18, 2017. Holmes v. Holmes,[1] 675 F. App'x 157, 158 (3d Cir. 2017). Because the Court of Appeals determined that defendant failed to raise the claim that his convictions violated the Fifth Amendment's Double Jeopardy Clause collateral estoppel rule in the New Jersey State court, it found a failure to exhaust state remedies. Id. at 161.

Defendant raises the following issues on appeal:

> POINT I:  APPELLANT'S SECOND PETITION FOR [PCR] WAS TIMELY FILED PURSUANT TO R[ULE] 3:22-12(a)(2).

---

[1] The defendant was Christopher Holmes, Attorney General of the State of New Jersey.

A. THE APPLICABLE TIME LIMITATION IS THAT OF R[ULE] 3:22(a)(2)(B).

1. THE DOCTRINE OF COLLATERAL ESTOPPEL BARRED THE RE-TRIAL OF MR. HOLMES.

2. BECAUSE MR. HOLMES' TRIAL, APPELLATE, AND [PCR] ATTORNEYS FAILED TO ASSERT THAT THE DOCTRINE OF COLLATERAL ESTOPPEL BARRED HIS RE-TRIAL, HE WAS DENIED EFFECTVE ASSISTANCE OF COUNSEL AT EVERY STAGE OF THE PROCEEDINGS AGAINST HIM.

3. THE REPETITIVE INEFFECTIVENESS OF MR. HOLMES' COUNSEL RENDERS HIS SECOND PCR PETITION TIMELY FILED PURSUANT TO R[ULE] 3:22-12(a)(2)(B).

4. THIS PETITION ALSO WAS TIMELY FILED PURSUANT TO R[ULE] 3:22-12 (a)(2)(C).

POINT II: DISMISSAL OF THE PCR PETITION VIOLATED THE DOCTRINE OF FUNDAMENTAL FAIRNESS.

Rule 3:22-12(a)(2)(C) states that unless otherwise provided, "no second . . . petition shall be filed more than one year after the latest of . . . the date of the denial of the first . . . application for [PCR] where ineffective assistance of counsel that represented defendant on the first . . . application for [PCR] is being alleged." Rule 3:22-12(b) prohibits relaxation of this timeframe except under

4

circumstances delineated in the Rule. State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018).

Defendant argues that Rule 3:22-12(a)(2)(B) allows his delayed second PCR. That section of the Rule allows the filing of a second PCR petition within one year of "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence." R. 3:22-12(a)(2)(B). Defendant argues that because he argued the ineffective assistance of all prior counsel, not just counsel on his first PCR petition, he had one year from discovering his collateral estoppel argument to file a second PCR petition. All prior counsel had argued his second trial was barred by principles of double jeopardy, not collateral estoppel.

The State argues we should affirm because defendant's second PCR petition was time-barred. Defendant seeks a remand with direction to the trial court to consider his collateral estoppel argument. Defendant argues that the jury's not guilty decision on felony murder required the dismissal of the underlying felonies because the jury could only have formed a reasonable doubt with regard to the felony murder charge if it had a reasonable doubt as to the

underlying felonies. He argues his second trial was therefore collaterally estopped.

The collateral estoppel rule "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). An acquittal does not resolve the issue.

> Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."
>
> [Id. at 444 (quoting Daniel K. Mayers & Fletcher L. Yarbrough, Bis Vexari: New Trials and Successive Prosecutions, 74 Harv. L. Rev. 1, 38-39 (1960)).]

At our direction, defense counsel supplied us with the transcript of the first trial, which resulted in an acquittal on the felony murder charge. The Court of Appeals decision noted that defendant sought to introduce that transcript in his federal action. Holmes, 675 F. App'x at 159.

In the first trial, the court charged the jury:

> In order for you to find the defendant Mr. Holmes guilty of felony murder in this case, the State [must] prove [beyond a] reasonable doubt that . . .

6

the victim's death was a probable consequence of the commission of a robbery or flight after committing the robbery, burglary, and/or kidnapping.

In order for the death to be a probable consequence of the robbery, burglary, and/or kidnapping, the death must not . . . have been too remote or too accidental in its occurrence, or too dependent on another's volitional acts to have a just bearing on the defendant's liability or the gravity of his offense.

[See Model Jury Charges (Criminal), "Felony Murder – Non-Slayer Participant (N.J.S.A. 2C:11-3(a)(3))" (rev. Mar. 22, 2004).]

The trial court repeated that charge before continuing:

In other words, you must decide if the State has proven beyond a reasonable doubt that, under all the circumstances, the death did not occur in such an unexpected or unusual manner that it would be unjust to find Mr. Holmes responsible for the death of the victim Mr. Johnson.

Now, under [N.J.S.A. 2C:11-3(a)(3),] which applies here, it is an affirmative defense to the charge of felony murder if there is proof in the case that the defendant:

(a) Did not commit the homicidal act or in any way solicit, request, command, importune, cause, or aid the commission thereof; and,

(b) Was not armed with a deadly weapon or any instrument, article, or substance readily capable of causing death or serious physical injury, and of a sort

7

not ordinarily carried in public places, or by law-abiding persons; and,

      (c) Had no reasonable ground to believe that any other participant was armed with such a weapon, instrument, article, or substance; and,

      (d) Had no reasonable ground to believe that any other participant intended to engage . . . in the death or serious injury to Mr. Johnson.

      This means that the affirmative defense is not available to Mr. Holmes unless there is evidence in the case supporting all those four requirements that we just went over; not one or two or three of them, but all four.

      If there is supporting evidence, either in the State's proofs or as presented on behalf of the defendant, then it is incumbent upon the State to negate this evidence by proof beyond a reasonable doubt.

[Ibid.]

Thus, at defendant's first trial the jury was told that defendant must be found not guilty of felony murder if either defendant had demonstrated the affirmative defense of attenuation, which was not then disproved by the State, or if the State could not prove that the death was a probable consequence of one of the felonies charged. See State v. Martin, 119 N.J. 2, 16-18 (1990). When the jury found defendant not guilty of felony murder, therefore, it did not necessarily find that defendant did not commit the underlying felonies.

A-2743-18T4

Defendant's argument that collateral estoppel dictates that a verdict of not guilty on the felony murder charge precludes a retrial on the underlying felonies is not consistent with the controlling law.   Defendant's argument that fundamental fairness, or any other due process principle requires the expansion of the time restrictions of <u>Rule</u> 3:22-12 is therefore unavailing.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2743-18T4